TWIN EXCAVATING CO., Plaintiff-Appellee,

v.

LOCAL UNION NO. 731, EXCAVATING, GRADING, ASPHALT, PRIVATE SCAVENGERS AND AUTOMOBILE SALESROOM GARAGE ATTENDANTS, Larry Monahan, Matt Boss, Albert Van Der Sluis, Frank Johnson, Kenneth Guido, William J. Collins, Andrew Kojder and Edward Lucas, Defendants-Appellants.

No. 14432.

United States Court of Appeals Seventh Circuit.

Sept. 17, 1964.

Michael C. Greenfield, Edward J. Calihan, Jr., Lester Asher, Benjamin Jacobson, Leo Segall, Chicago, Ill., for defendants-appellants.

Arthur Morse, Seymour Schriar, Chicago, Ill. (Cherry & Morse, Chicago, Ill., of counsel), for plaintiff-appellee.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

This action was commenced against Local Union No. 731 and officers of the Union to recover damages alleged to have been occasioned by defendants-appellants' attempt to induce a subcontractor and the employees of the subcontractor to cease performing services for and doing

business with the plaintiff, and to force Paschen Contractors, Inc., the prime contractor, to cease doing business with plaintiff.

The matter presently before this Court is an interlocutory appeal by defendants-appellants from the denial of their motion to stay the proceedings in this suit until the dispute is resolved by a Joint Committee which was authorized by a certain collective bargaining agreement entered into between plaintiff and Local Union No. 731.

In an agreement dated May 26, 1958, between Local Union No. 731 and plaintiff, there appeared the following provision:

"All parties to this Agreement agree that they will elect a Committee to act on grievances, disputes or arbitration * * * This Committee shall consist of three members of each side and they shall organize a Joint Board by electing a President and Secretary. This Board shall have full power to enforce this Agreement between both parties as to all conditions and articles thereof. * * * [¶] A two-thirds vote of the Board shall rule and the findings shall be final. * * * [¶] The Joint Board by two-thirds vote shall have the right to deduce any problems concerning either party to this Agreement that is not covered by this Agreement."

The basic issue in this suit is whether the Labor Management Relations Act, 1947, 29 U.S.C. 141 et seq., sometimes hereinafter referred to as the "Act", contemplated an arbitration proceeding as a substitute for a court hearing in a suit for damages under § 303 of the Act, where plaintiff and defendant are parties to a collective bargaining contract.

We think it is now well established that when one of the parties to a collective bargaining contract brings a suit under § 301 of the Act for a violation of the contract, and which contract contains a provision for arbitration, the grievance must be submitted to arbitration.[1]

However, the instant suit is not an action brought under § 301 of the Act. It is a suit for damages under § 303 of the Act, and does not involve a suit for violation of a collective bargaining agreement.

At the time the bill creating the Labor Management Relations Act, 1947, was before Congress, that body was greatly concerned with what it regarded as serious evils growing out of secondary boycotts and jurisdictional strikes. In § 8(b)(4) of the Act, Congress defined such conduct by labor organizations as unfair labor practices. Section 303 defines such conduct as being unlawful, and grants to a party injured by such conduct of a labor organization, the right to sue. International Longshoremen's & Warehousemen's Union et al. v. Juneau Spruce Corporation, 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275.

The intent of Congress in enacting § 303 is well shown by a statement of Senator Taft who was the author of the bill. The Senator said: " * * * I think the threat of a suit for damages is a tremendous deterrent to the institution of secondary boycotts and jurisdictional strikes. * * * " (93 Cong.Rec. 5060; II Leg.Hist. of Labor Management Relations Act of 1947, page 1371.)

It is doubtful that the contract here under consideration contains a valid arbitration provision. We recognize it is not absolutely necessary that the word "arbitration" should be used. General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss and Co., Inc., 372

1. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972; United Steel Workers v. The American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steel Workers v. Warrior and Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; and United Steel Workers v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918. Nevertheless, the provisions in the contract for a "Joint Committee" and "Joint Board" are not readily understandable.

The Committee was to consist of "three members of each side." The Committee was to organize a "Joint Board" by electing a President and a Secretary. "This Board shall have full power to enforce this Agreement between both parties as to all conditions and articles thereof." "A two-thirds vote of the Board shall rule and the findings shall be final." Then followed: "The Joint Board by two-thirds vote shall have the right to deduce any problems concerning either party to this Agreement that is not covered by this Agreement."

There is nothing in the record to give us any light on what the parties may have intended by giving the Joint Board the right to deduce problems that are not covered by the agreement.

Although the clause of the contract which the Union now labels an arbitration clause, may well be void for uncertainty and other reasons, we need not decide that question.

As far as the record before us discloses, the Union made no demand for arbitration until more than five years after the occurrence of the events set forth in the complaint and not until nine months after the complaint was filed. Such course of conduct might well be fatal if the suit were brought under § 301. It is our view that the District Court was correct in denying a stay in the suit at bar which was brought under § 303. Such a suit would not be barred by a valid arbitration clause.

Although a trial has not been held in the District Court, the allegations of the second amended complaint charged conduct which, if true, would show that defendants' officers and officials were attempting a secondary boycott against the plaintiff. Also charged were allegations of threats of great bodily harm by officers and officials of the Union against officers and employees of plaintiff.

We hold the District Court was correct in denying defendants-appellants' motion to stay proceedings and to refer same to the Joint Committee or Joint Board.

Affirmed.