## GENERAL DRIVERS, WAREHOUSEMEN & HELPERS, LOCAL UNION NO. 89, ET AL. v. RISS & COMPANY, INC.

No. 180.   Argued February 19, 1963.—Decided March 18, 1963.

*David Previant* argued the cause for petitioners.   With him on the brief were *Herbert S. Thatcher* and *Ralph H. Logan.*

*H. Bemis Lawrence* argued the cause and filed a brief for respondent.

PER CURIAM.

Petitioners are a union and six of its members employed by the respondent interstate motor freight common carrier.   The present action was brought in the

United States District Court for the Western District of Kentucky, and jurisdiction was predicated on § 301 of the Labor Management Relations Act, 1947, 29 U. S. C. § 185. In their complaint, petitioners alleged that the respondent had refused to comply with a ruling of the Joint Area Cartage Committee, directing that the individual petitioners be reinstated with full seniority and back pay. The Committee's ruling was asserted to have been handed down in accordance with the grievance procedures established in the collective bargaining agreement between the union and the employer. The relief demanded in the complaint included the reinstatement of the individual petitioners, with full back pay and fringe benefits to the time of reinstatement.

Respondent, after filing its answer, moved to dismiss the complaint. The District Court granted the motion on the pleadings as supplemented at pretrial conference by excerpts from the Local Cartage Agreement between the union and the employer. The District Court's ground for dismissing the complaint was want of federal jurisdiction, a result deemed compelled by our decision in *Association of Westinghouse Salaried Employees* v. *Westinghouse Elec. Corp.,* 348 U. S. 437. The Court of Appeals for the Sixth Circuit affirmed, 298 F. 2d 341, but added two more grounds in support of the order of dismissal: (1) That the determination of the Joint Area Cartage Committee was not an arbitration award and so not enforceable under § 301; (2) That on the merits petitioners were not entitled to the relief ordered by the Joint Area Cartage Committee. We granted certiorari, 371 U. S. 810. We reverse and remand to the District Court for trial.

According to the allegations of the complaint, the six individual petitioners were discharged because they chose to respect and did respect a picket line established by another union at a place of business of

respondent. Contending that such discharge violated Article IX of the Local Cartage Agreement, which provides in part that "it shall not be cause for discharge if any employee or employees refuse to go through the picket line of a union . . . ," petitioners invoked the grievance machinery set up by the Agreement, and processed their grievances through the provided channels culminating in the Joint Area Cartage Committee's determination. Article VIII, § 1 (e), of the Agreement provides: "It is agreed that all matters pertaining to the interpretation of any provisions of this contract shall be referred, at the request of any party at any time, for final decision to the Joint Area Cartage Committee . . . ."

If, as petitioners allege, the award of the Joint Area Cartage Committee is under the collective bargaining agreement final and binding, the District Court has jurisdiction under § 301 to enforce it, notwithstanding our *Westinghouse* decision. See *Textile Workers* v. *Lincoln Mills,* 353 U. S. 448, 456, n. 6; *United Steelworkers* v. *Pullman-Standard Car Mfg. Co.,* 241 F. 2d 547, 551–552 (C. A. 3d Cir. 1957). Plainly, this allegation cannot be rejected on the basis merely of what the present record shows. It is not enough that the word "arbitration" does not appear in the collective bargaining agreement, for we have held that the policy of the Labor Act "can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." *United Steelworkers* v. *American Mfg. Co.,* 363 U. S. 564, 566; cf. *Retail Clerks* v. *Lion Dry Goods, Inc.,* 369 U. S. 17. Thus, if the award at bar is the parties' chosen instrument for the definitive settlement of grievances under the Agreement, it is enforceable under § 301. And if the Joint Area Cartage Committee's award is thus enforceable, it is of course not open to the courts to reweigh the merits of the grievance. *American Mfg. Co., supra,* at 567–568.

Of course, if it should be decided after trial that the grievance award involved here is not final and binding under the collective bargaining agreement, no action under § 301 to enforce it will lie. Then, should petitioners seek to pursue the action as a § 301 suit for breach of contract, there may have to be considered questions unresolved by our prior decisions. We need not reach those questions here. But since the courts below placed so much reliance on the *Westinghouse* decision, we deem it appropriate to repeat our conclusion in *Smith* v. *Evening News Assn.*, 371 U. S. 195, 199, that "subsequent decisions . . . have removed the underpinnings of *Westinghouse* and its holding is no longer authoritative as a precedent."

*Reversed and remanded.*