**LOCAL UNION NO. 185, INTERNA-
TIONAL BROTHERHOOD OF ELEC-
TRICAL WORKERS, Plaintiff,**

v.

**COPELAND ELECTRIC COMPANY,**
James Copeland, United States Fidelity
and Guaranty Company, and Mountain
States Line Contractors Chapter N. E.
C. A., Inc., Defendants.

No. 1439.

United States District Court
D. Montana,
Helena Division.

Sept. 7, 1967.

Gordon R. Bennett, Helena, Mont., for plaintiff.

Weir, Gough & Booth, Ward A. Shanahan, Helena, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

James Copeland d/b/a Copeland Electric Company (Copeland) contracted with the Montana Power Company to construct a transmission line. As required by that contract it furnished a performance bond to Montana Power Company with United States Fidelity and Guaranty Company (U.S.F. & G.) as the surety. In the performance bond U.S.F. & G. agreed to "pay all persons * * * who perform labor * * * for use in the work under the Contract."

Defendant Mountain State Line Contractors Chapter N.E.C.A., Inc., (Line Contractors) was the collective bargaining agent for Copeland and had executed a collective bargaining agreement with plaintiff, Local Union No. 185, which the parties agree is binding on Copeland and plaintiff and plaintiff's employee members.

The collective bargaining agreement provided that the employees were to be paid weekly and that if not paid, "waiting time" at the regular rate would be charged. The employees who worked for Copeland in the erection of the transmission line were paid for all work performed by them, but some of the payments were late. No "waiting time" was paid, and the plaintiff seeks by this action to recover on behalf of the employees "waiting time" payments from all of the defendants.

An agreed statement of facts has been filed and it is considered by the court in the ruling on the motions which raise the following questions:

Does the court have jurisdiction as to Copeland, Line Contractors, and U.S.F. & G.? Is plaintiff union the real party in interest as against Copeland, Line Contractors and U.S.F. & G.? If so, does the complaint state a claim?

As to Copeland and Line Contractors, the court does have jurisdiction, and plaintiff union is a real party in interest. Plaintiff's rights as to these defendants stem from the collective bargaining agreement. Under § 301(a) and (b) of the Labor Management Relations Act, 1947,[1] a union which is the collective bargaining agent for its members does have the capacity to sue to enforce the collective bargaining agreement in the federal District Court. The capacity to sue is expressly provided by § 301(b). Any question created by Association of Westinghouse Salaried Employees v. Westinghouse Electric Corporation, 348 U.S. 437, 75 S.Ct. 488, 99 L.Ed. 510 (1955) as to the jurisdiction of the federal District Court to enforce the monetary rights of employees arising out of collective bargaining agree-

---

1. 29 U.S.C. § 185(a) and (b).

ments has been dissipated by the more recent decisions of the Supreme Court.[2]

■ As the case affects U.S.F. & G., the plaintiff is not the real party in interest. As against U.S.F. & G., the plaintiff can claim no rights which flow from the Labor Management Relations Act or the collective bargaining agreement for itself or for its members. Any rights to be asserted against U.S.F. & G. must be found in the performance bond. The court expresses no opinion as to whether the obligations to pay created by the bond are co-extensive with the obligations created by the collective bargaining agreement.[3] If they are, it is simply coincidental because the bond does not guarantee the collective bargaining agreement.

Rule 17(a) of the Federal Rules requires that actions be prosecuted in the name of the real party in interest. Unless § 301(b) of the Act by the language "[a]ny such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States" makes the labor union an agent of its employees with a roving commission to sue, the union here is not the real party in interest.

In the enactment of the Labor Management Relations Act, Congress was concerned with labor peace; with the achievement of it through collective bargaining processes; and as incident to those purposes with the enforcement of collective bargaining agreements.[4] It is consistent with the purposes of the Act to limit the capacity of a union, as a liti-

gating agent of the employees, to cases which in some way bear upon the collective bargaining process. If § 301(b) is so limited the plaintiff is not a real party in interest in its action against U.S.F. & G.

As the case affects U.S.F. & G., the court refuses to take jurisdiction. It is agreed by the parties that there is no ground of jurisdiction independent of that given by § 301(a) of the Act, but it is urged by the plaintiff that even though § 301(a) does not expressly give jurisdiction over the claim against U.S.F. & G. the court does have pendent jurisdiction.

■ Under Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), the court would not have pendent jurisdiction. There is not here a single right but two distinct rights against separate parties.[5] Under United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) the problem is more difficult. It could be argued that an action against all who are responsible for the payments due under a contract is "one constitutional case" even though the liabilities arise out of separate contracts. The fact that liability must be found under the collective bargaining agreement before there is liability on the bond might be regarded as a "common nucleus of operative fact." (Id. at 725, 86 S.Ct. 1130). Even so, on the facts United Mine Workers of America v. Gibbs did not involve a third person, and it may seriously be doubted if the doctrine of pendent jurisdiction can be extended to third parties whose liabilities arise only if facts other than those which

2. International Union, United Auto, etc., Workers v. Hoosier Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Drivers, etc., Union v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

3. Conceivably a bond, given under the same circumstances as this one, could be interpreted to create obligations co-extensive with those imposed by the state mechanic lien laws and perhaps the agreements in

the collective bargaining agreement as to benefits and penalties, would not be lienable under the provisions of a state lien law.

4. See Dowd Box Co. v. Courtney, 368 U. S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); Drake Bakeries, Inc. v. Local 50, Am. Bakery, etc., Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962).

5. Not only are there separate parties but the rights against U. S. F. & G. do not come from Copeland but from the Montana Power Company.

confer federal jurisdiction are proved. The court does not decide this question, but it does decide for the reasons hereinafter set forth that even if federal jurisdiction exists, the court will not exercise it.[6]

It appears to the court that even though § 301(a) of the Act provides jurisdiction as to Copeland, there is no real federal problem involved. What is involved even against Copeland is the meaning of the words used in a contract —and these meanings are affected in no way by any federal policy. It is not entirely clear that a judgment in this case in favor of U.S.F. & G. would be fully *res judicata*. If after an unfavorable result the employees were to sue in a state court, it might be seriously questioned whether they would be bound by a judgment to which they were not a party, unless § 301(b) of the Act makes the plaintiff the employees' litigating agent as against U.S.F. & G. The state court does provide a forum in which the controversy may be fully litigated on the merits. In a state action brought by the plaintiff and the employees as plaintiffs against all defendants, the controversy could be fully determined even though the plaintiff union might be eliminated as a party in the course of the proceeding.

The decision here is based on a refusal to exercise jurisdiction rather than a determination that there is no jurisdiction. This course is taken to indicate that even in those controversies where some tenuous jurisdiction may be eked out by combining § 301(a) of the Act and the doctrine of pendent jurisdiction, the court will be most reluctant to exercise it in the absence of a real federal question or some other compelling circumstance.

For the reasons stated, the case is dismissed as to U.S.F. & G.

The motions made by the defendants Copeland and Line Contractors directed to the jurisdiction of the court and the capacity of plaintiff to sue are denied.

The motions to dismiss for failure to state a claim are treated as motions for summary judgment (the court having considered the agreed statement of facts) and as such are denied without prejudice to the defendants to assert any grounds now asserted or which may later be advanced after a trial on the merits.

6. United Mine Workers of America v. Gibbs, supra, at p. 726, 86 S.Ct. 1130.