Francis J. Bloustein, J.
In this article 78 proceeding, petitioner seeks a judgment vacating and annulling the decision of the Comptroller for the City of New York and for an order directing the said Comptroller to comply with the decision and direction of the vice-chancellor for the City of New York, dated May 12, 1970, to pay petitioner her salary for the period February 1, 1970 through May 31, 1970.
Petitioner is employed by the Board of Higher Education of the City of New York as a lecturer at Queens College. She became pregnant in the spring of 1969 and notified the college of her condition sometime subsequent to September 1, 1969. The college then filed maternity leave status from said date through June 30, 1970. Apparently, on or about January *852 6, 1970, petitioner requested that she be permitted to resume her employment in the spring semester, but by letter dated February 17, 1970, the acting dean of faculty refused her request. Thereafter, the United Federation of College Teachers, pursuant to an agreement between them and the Board of Education, filed, on April 27, 1970, in behalf of petitioner, a step two grievance. Step one was denied, and the second step hearing before the Chancellor of the University was held May 8,1970. On May 12,1970 he directed that petitioner be restored to employment with pay retroactive to February 1, 1970, some three months preceding the institution of the grievance procedure. The Comptroller of the City of New York rejected the direction of the Chancellor on the theory that such payment would constitute a gift of public funds and thus was violative of the State Constitution since no services had been performed by petitioner (N. Y. Const., art. VIII, § 1). In rebuttal, petitioner alleges that such action did not constitute a gift and, in any event, the Chancellor’s decision, like an arbitrator’s award, is binding upon the City of New York. With this position, we cannot totally agree.
It is clear from the facts as presented that petitioner did not render any services as a lecturer, or otherwise, to Queens College for the period February 1, 1970 through August 31, 1970. Her right to payment is predicated solely upon the determination of the Chancellor. In that respect, we are called upon to determine if such decision was within his powers. Concededly, grievance settlements reached by the parties themselves, short of arbitration, are clearly entitled to the same dignity and effect as arbitration awards (Truck Drivers Union v. Riss & Co., 372 U. S. 517 [1963]). The corollary is, however, true. If the arbitrator exceeds his power or if the award or grievance settlement contravenes public policy, it cannot be enforced (see, e.g., Matter of Western Union Tel. Co. [Amer. Communications Assn.], 299 N. Y. 177, 178; Mount St. Mary’s Hosp. v. Catherwood, 26 N Y 2d 493, 512). Generally speaking, petitioner’s right of salary as an incident to her employment was suspended for the duration of her maternity leave and would be restored only upon the termination of said lqave by the college administration. In essence, her right to compensation depends upon work performed and she cannot recover against the Board of Education except for services actually rendered. It would, according to the general rule as applied in favor of a municipal corporation, be against public policy and sound morals to pay for constructive service (Warner v. Board of Educ. of City of N. Y., 14 A D 2d 300). *853 Payment of such public money falls within the inhibition of the Constitution (see Mullane v. McKenzie, 269 N. Y. 369). We are, therefore, constrained to deny her the relief sought herein.
Accordingly, for the reasons set forth herein, the instant request for relief is in all respects denied. The petition is dismissed.