**PILOT FREIGHT CARRIERS, INC.,**
Plaintiff,

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant.**

No. C-219-WS-72.

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

Sept. 8, 1972.

J. W. Alexander, Jr., Charlotte, N. C., John M. Minor, William K. Davis, Winston-Salem, N. C., for plaintiff.

Renn Drum, Winston-Salem, N. C., L. N. D. Wells, Jr., Dallas, Tex., Hugh J. Beins, Ian D. Lanoff, Washington, D. C., for defendant.

## MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

This matter is before the Court on defendant's motion to dissolve or suspend the preliminary injunction heretofore entered by this Court on July 28, 1972. The defendant appealed and thereafter, pending such an appeal, sought and obtained from the Court of Appeals for the Fourth Circuit an order suspending proceedings in the Appellate Court with leave to proceed here seeking to dissolve or suspend such preliminary injunction on the grounds that in the interim the mandatory grievance procedures contained in the collective bargaining agreement had been complied with by the parties.

The particularly relevant portions of the preliminary injunction issued by this Court on July 28, 1972, include the following:

"Findings of Fact

.    .    .    .    .    .

"(3) The plaintiff and the defendant are bound by the terms and provisions of the labor agreement in evidence, entitled National Master Freight Agreement.

"(4) The said agreement contains a mandatory grievance procedure which requires that all disputes and matters involving interpretation and application of said agreement be resolved through procedures which are set forth therein. Valid decisions of the authorities passing upon such matters are final and binding on the parties.

.    .    .    .    .    .

"(12) The grievance arising out of the dispute between the parties has never been considered or passed upon by the National Grievance Committee as is required by the contract.

.    .    .    .    .    .

"Upon the foregoing, it is ORDERED:

"1. That the defendant, its officers, employees, agents, attorneys, members, and persons acting in concert with them, be and hereby are enjoined and directed, pending the trial of this cause on its merits, or a valid and proper exhaustion of contractual remedies, to cancel the strike now in effect.

.    .    .    .    .    .

"6. This order is conditioned upon the plaintiff's proceeding promptly and in due course to comply with the mandatory grievance procedures set forth in the National Freight Agreement."

In its Memorandum Opinion dictated on July 28, 1972, the Court held as follows:

"After considering the pleadings, briefs, and the entire official file, evidence of witnesses, and argument of Counsel, the Court is of the opinion that the Defendant Union has not validly and completely exhausted the mandatory grievance procedures in the National Master Freight Agreement, and that a matter of interpretation of the agreements by the National Grievance Committee will be determinative of the issues between the parties. Therefore, the Plaintiff's Motion for a Temporary Restraining Order in C–219–WS–72 will be allowed, pending action by the National Grievance Committee; . . . . ."

The National Grievance Committee (Committee) met on Friday, August 18, 1972. This Court has before it and has considered carefully the transcript compiled at that session of the Committee, the transcript being plaintiff's Exhibit G. The Committee, on August 21, 1972, issued a short decision, in the form of a letter, which reads as follows:

"Gentlemen:

"Please be advised that the National Grievance Committee, on August 18, 1972, adopted a motion that after reviewing the presentation of the parties and the negotiating intent, to interpret Article 2, Section 3, in the context of Articles 1 and 2 and the balance of the National Master Freight Agreement, so as to apply the provisions of the Southern Conference Road and City Supplemental Agreements to the contiguous territory and opera-

tions of Pilot Freight Carriers, Inc., included in the Public Convenience and Necessity Authority granted by the ICC in Docket No. MC–61264 SUB 16.

"This interpretation shall apply to all similar cases, and any dispute with regard to similarity shall be presented as a factual grievance through the regular grievance procedure."

On page 2 of its Memorandum Brief in Opposition to Defendant's Motion, plaintiff complains that, "The 'decision' of the Committee is so ambiguous that it leaves the plaintiff at a loss to understand precisely what it means." In support of its position, plaintiff has cited Electrical Contractors Association of Greater Boston, Inc. v. Local Union 103, 327 F.Supp. 1177, at page 1180 (D.Mass. 1971), which holds:

"Under generally accepted principles, certainty is an indispensable element to the enforceability of an award, i. e., an award must be sufficiently definite so that only ministerial acts of the parties are necessary to carry it into effect."

It is not the duty of this Court to interpret the decision of the Committee, nor have the parties to the National Master Freight Agreement (NMFA) bargained for an interpretation by this Court. The parties bargained for submission to the Committee of all factual grievances or questions of interpretation which are submitted to the grievance procedure. This committee is the final arbiter under the grievance machinery. "If the National Grievance Committee resolves the dispute by a majority vote of those present and voting, such decision shall be final and binding on all parties." Article 8, section 2 of NMFA.

In this case, the Committee has spoken, if not with the detail of General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963), at least with sufficient certainty to make the award enforceable according to the doctrine of Electrical Contractors Asso-

ciation of Greater Boston, Inc. v. Local Union 103, *supra.*

The Committee has in effect ruled that the provisions of the Southern Conference Road and City Supplemental Agreements are applicable to the contiguous territory and operations of Pilot Freight Carriers, Inc., included in the Public Convenience and Necessity Authority granted by the ICC in Docket No. MC–61264 SUB 16.

The contract provides that questions of interpretation are for the Committee. It is not for the courts of the Middle District of North Carolina to further interpret contractual issues between signators of the contract. This Court has hereby determined that the award of the Committee is endowed with sufficient certainty to be enforceable and fulfills the requirements of the mandatory grievance procedures contained in the NMFA. General Drivers, *supra*, 372 U.S. at 519, 83 S.Ct. at 791, 9 L.Ed.2d at 920, delineates the function of the court at this stage:

"Thus, if the award at bar is the parties' chosen instrument for the definitive settlement of grievances under the Agreement, it is enforceable under § 301. And if the Joint Area Cartage Committee's award is thus enforceable, it is of course not open to the courts to reweigh the merits of the grievance."

The preliminary injunction in the instant case was granted, on the motion of plaintiff expressly so that there could be an exhaustion of all remedies provided for in the mandatory grievance procedure set forth in the NMFA, and conditioned on the plaintiff's proceeding promptly and in due course to comply with said mandatory grievance procedure.

The general rule is that labor injunctions are rarely granted, with narrow exceptions. This Court's injunction came within the purview of Boys Markets, Inc. v. Retail Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), which held that an injunction

## 872

could issue to enforce a no-strike compulsory arbitration obligation. *General Drivers, supra,* extended this relief to grievance committee awards held to be enforceable under Section 301 of the Labor Management Relations Act of 1947.

■ Since the mandatory grievance procedure has been exhausted, this case no longer comes within the exception set out in *Boys Markets, supra.* Since the narrow grounds on which the injunctive order was issued no longer exists, the preliminary injunction must be dissolved. Martin Hageland, Inc. v. United States District Court, Central District of California, 460 F.2d 789 (9 Cir. 1972) held that the Norris-LaGuardia Act forbids labor injunctions with few exceptions, one such exception being in the presence of a contractual obligation on the part of signators to a contract to submit to compulsory arbitration.

"Two other circuits have considered this issue since the decision in *Boys Markets.* Both have concluded, as we do, that the federal courts have no jurisdiction to issue injunctions in cases involving or growing out of labor disputes, in the absence of a mutually binding obligation to submit to compulsory arbitration. Associated General Contractors of Illinois v. Illinois Conference of Teamsters, 454 F.2d 1324 (7th Cir. 1972); Emery Air Freight Corporation v. Local Union 295, 449 F.2d 586 (2d Cir. 1971), cert. denied 405 U.S. 1066, 92 S.Ct. 1500, 31 L.Ed.2d 796 (1972); Standard Food Products v. Brandenburg, 436 F.2d 964 (2d Cir. 1970)." Martin Hageland, Inc., *supra,* at 791.

■ To which phases, if any, of plaintiff's Florida operations the decision of the Committee may be applied without constituting an unfair labor practice is not a matter to be determined by this Court. Counsel for both the plaintiff and the defendant candidly admitted in their oral arguments that charges of unfair labor practices were pending before the National Labor Relations Board in Florida, concerning the

defendant's contentions, subsequently approved by the Committee. Counsel likewise candidly and properly maintained the position that charges of unfair labor practices are within the jurisdiction of the NLRB (29 U.S.C.A. § 141 et seq.) and not within the jurisdiction of this Court.

Consequently, and to reiterate, the mandatory grievance procedures of the National Master Freight Agreement having been exhausted, a *Boys Markets* injunction is no longer appropriate and the Preliminary Injunction issued by this Court on July 28, 1972, must be dissolved.