468 F.2d 196
 81 L.R.R.M. (BNA) 2608, 69 Lab.Cas. P 13,097
 James H. WALDEN, Appellant,
v.
LOCAL 71, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellee.
James H. WALDEN, Appellant,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS OF AMERICA, Appellee.
 Nos. 72-1172, 72-1274.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 11, 1972.
Decided Oct. 24, 1972.
 
 Don Davis, Charlotte, N. C., for Appellant in Nos. 72-1172 and 72-1274.
 Hugh J. Beins, Washington, D. C. (Francis M. Fletcher, Jr., Charlotte, N. C., on brief), for appellee in No. 72-1172 and No. 72-1274.
 Before SOBELOFF, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.
 SOBELOFF, Senior Circuit Judge:
 
 
 1
 This case arises from the discharge of appellant James Walden from the employ of Associated Transport, Inc., for dishonesty for "theft of time." Walden was observed and later admitted being at an off-route motel at times when he was being paid by the hour. Subsequent to the discharge, Walden's union, Local 71 of the Teamsters, filed a grievance seeking his reinstatement, which was submitted to a joint employer-union grievance committee in accordance with the collective bargaining agreement. The committee held a hearing at which Walden was represented by Local 71's business agent. After listening to the company, the union business agent and Walden, himself, the grievance committee upheld the discharge and denied the grievance. Under the collective bargaining agreement, this decision was final and binding on both parties. General Drivers, Local Union 89 v. Riss and Co., 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed. 2d 918 (1963).
 
 
 2
 Walden then commenced civil actions for damages against Local 71 and the International Brotherhood of Teamsters. Walden's theory was that his union had breached its duty of fair representation toward him by not prosecuting his grievance in a conscientious and forceful manner, and that the International was also liable on the basis of its principalagent relationship with Local 71.
 
 
 3
 After Walden was accorded a full opportunity for discovery, the case was considered upon extensive depositions, affidavits and written briefs in support and in opposition to a motion for summary judgment. The District Court, finding no substantial controversy as to any material fact, granted summary judgment in favor of the defendants.
 
 
 4
 We affirm the District Court's decision. Appellant contends inter alia that a lawyer should have been consulted in preparation of the grievance, a court action commenced, hearsay evidence that was presented at the arbitration hearing should have been objected to, and the defense that the employer could not fire Walden without first giving him a warning notice should have been raised. These contentions are without merit.
 
 
 5
 An arbitration hearing is not a court of law and need not be conducted like one. Neither lawyers nor strict adherence to judicial rules of evidence are necessary complements of industrial peace and stability-the ultimate goals of arbitration. United States Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578, 80 S. Ct. 1347, 4 L.Ed.2d 1409 (1960). As to the failure of the union to claim lack of warning notice, the contract makes an exception to the requirement of the warning notice in cases of dishonesty. And the question of whether "theft of time" constitutes dishonesty is a legal issue.
 
 
 6
 In this case, unlike Griffin v. International Union U.A.W., 469 F.2d 181 (4 Cir. 1972), which we also decide this day, even when all the evidence is construed in a manner most favorable to the appellant, any deficiencies in the union's choice of tactics do not rise to the level of a breach of duty of fair representation. The union brought Walden's discharge to a joint committee arbitration, where his position was presented by a business agent who had appeared in some 480 prior grievance proceedings and who apparently made a good faith effort to secure reinstatement. Unfortunately for the appellant, the effort failed and the discharge was upheld. We find no reason to disturb that result.
 
 
 7
 Affirmed.