Bernard WHITE et al., Appellants,

v.

CHEMICAL LEAMAN TANK LINES,
INC., Appellee.

No. 73–1862.

United States Court of Appeals,
Fourth Circuit.

Submitted on briefs Nov. 12, 1973.

Decided Jan. 21, 1974.

John L. Ward, Charleston, W. Va., on brief for appellants.

Cunniff, Bray & McAleese, Plymouth Meeting, Pa., on brief for appellee; Carl F. Stucky, Jr., Charleston, W. Va., of counsel.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM.

This suit against Chemical Leaman Tank Lines by several of its former employees was dismissed by the district court. The order of dismissal stated the court's view that the action was barred by the applicable statute of limitations. Seven of the original eight plaintiffs appealed. The appellants subsequently filed a motion to submit the matter for a decision on the briefs, waiving oral argument. Chemical Leaman opposes this motion. We agree with the appellants that the narrow issue of the sufficiency of the unamended complaint as presented by them in this appeal may be decided without oral argument.

This litigation has a lengthy history. It originated over five years ago with an attempt by Chemical Leaman to change the call-in procedure whereby its drivers were notified of the scheduling of their truck delivery runs. At the time this occurred, the employees were covered by a collective bargaining agreement between the Company and Teamsters Local No. 175. The contract contained a no-strike clause with certain exceptions not relevant to this proceeding. On June 11, 1968, an unauthorized work stoppage commenced against Chemical Leaman in protest over the change in the call-in procedure. This wildcat walkout lasted until June 16, 1968. On that date, the Company discharged twenty-two workers, including the appellants.

In accordance with the collective bargaining agreement, the Union filed grievances on behalf of the discharged employees. While four employees were ordered reinstated, the grievance committee determined that the others, including appellants, had been discharged for just cause. In contemporaneous proceedings concerning the substance of the underlying dispute, the grievance committee determined that the company had not violated the contract by changing the call-in procedure.

On September 30, 1968, Tommy Dingess, one of the appellants, filed charges with the National Labor Relations Board alleging that Chemical Leaman's change in the call-in procedure and discharge of the twenty-two drivers violated the Na-

tional Labor Relations Act. The Board found the Company's actions to be lawful. In a further attempt to obtain redress of alleged wrongdoing, the drivers who are parties to this suit filed a complaint against Chemical Leaman in a federal district court on June 11, 1970. That action was dismissed pursuant to F.R.Civ.P. 8(a).

The suit out of which this appeal directly originated was one commenced in the Common Pleas Court of Kanawha County, West Virginia. It alleged breach of contract of employment. The complaint was filed in the State court on or before January 21, 1972, and the proceedings were removed to the United States District Court upon petition of the Company. After an extension of time, the defendant filed its answer in the district court May 3, 1972. The plaintiffs' attorney was then relieved, and, after this, the defendant, on February 22, 1973, filed a motion for summary judgment, supported by affidavits. An amended complaint was tendered for filing by the plaintiffs, March 23, 1973, but was never filed. The court, by order, set a hearing on the motion for summary judgment for April 9, 1973, which was reset for April 26, 1973. The affidavits filed by the defendant in support of the motion for summary judgment were never replied to, and, on April 27, 1973, the district court dismissed the complaint " . . . as barred by the applicable statutes of limitation."

We affirm the dismissal of the complaint filed in January, 1972 and removed to the district court by petition February 29, 1972, but we do not reach the question of the statute of limitations relied upon by the district judge. Brown v. Allen, 344 U.S. 443, 459, 73 S. Ct. 397, 97 L.Ed. 469 (1953). Neither do we express any opinion as to the merits of any other defense relied upon by the defendant.

While it may be (and we express no opinion on the point) that the decision of the district court was in error in that

it necessarily held West Virginia's two-year statute of limitations to apply to the cause of action as stated in the unamended complaint, cf. Auto Workers, etc. v. Hoosier, etc., 383 U.S. 696, 86 S. Ct. 1107, 16 L.Ed.2d 192 (1966), it is clear that the cause of action there stated is not subject to litigation, having been previously the subject of arbitration. " . . . [I]t is of course not open to the courts to reweigh the merits of the grievance." Truck Drivers Union v. Riss & Co., 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963).

The plaintiff having made no issue in this appeal of the amended complaint, the judgment of the district court is

Affirmed.