FULGHUM v UNITED PARCEL SERVICE, INC

Docket No. 64520. Submitted April 13, 1983, at Detroit.—Decided November 8, 1983. Leave to appeal applied for.

Plaintiffs, Cleo R. Fulghum and Robert T. Morin, were suspended from their jobs with defendant United Parcel Service, Inc., for suspicion of theft. That allegation arose out of an internal security investigation conducted by defendants Edward Mastay and Marvin Shevrovich. Plaintiffs were later discharged and, subsequently, filed a grievance pursuant to a collective-bargaining agreement between UPS and the plaintiffs' union. Plaintiffs were unsuccessful in their grievance at the local level, the state level, and finally at the UPS Joint Area Committee in Chicago. Plaintiff then brought an action in the Wayne Circuit Court against UPS, Mastay, and Shevrovich alleging defamation, invasion of privacy, and intentional infliction of emotional distress. The defendants brought motions for summary judgment arguing that plaintiffs were bound by the final and contractually binding factual determinations of the grievance tribunals that the allegations of theft were true, thus providing a complete defense to the defamation and intentional infliction of emotional distress claims. The trial court, William J. Giovan, J., granted UPS and Shevrovich a summary judgment finding that the grievance process comported with elementary fairness and, therefore, plaintiffs were bound by the grievance tribunals' factual determinations. Defendant Mastay was granted a summary judgment on the basis of collateral estoppel. Plaintiffs appeal. *Held:*

1. The finding of the grievance committees with respect to the alleged theft which plaintiffs seek to avoid is not one of constitutional magnitude or statutory construction; rather, it is a question of fact clearly within the competence of the grievance committees.

2. Plaintiffs are bound by the factual determination of the grievance committees with respect to the alleged theft.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur 2d, Labor and Labor Relations § 1855.
[2] 48A Am Jur 2d, Labor and Labor Relations § 1851.

1. LABOR RELATIONS — COLLECTIVE-BARGAINING AGREEMENTS — RESOLUTION OF DISPUTES.

There is a strong policy in favor of deference to the method for the resolution of disputes provided in a collective-bargaining agreement; this policy can only be effectuated if the means chosen by the parties for the settlement of their differences is given full play.

2. LABOR RELATIONS — COLLECTIVE-BARGAINING AGREEMENTS — GRIEVANCE COMMITTEES.

The decisions of joint management-labor grievance committees established pursuant to a collective-bargaining agreement are entitled to the same deference as the decisions of independent arbitrators.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*), for plaintiffs.

*Butzel, Long, Gust, Klein & Van Zile, P.C.* (by *William M. Saxton* and *Keefe A. Brooks*), for defendants.

Before: T. M. BURNS, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. This case arises out of events which began on January 17, 1979, when plaintiffs were suspended from their jobs with defendant United Parcel Service, Inc. (hereinafter "UPS"), for suspicion of theft. That allegation arose out of an internal security investigation conducted by defendants Mastay and Shevrovich. Plaintiffs were later discharged. Subsequently, plaintiffs filed a grievance pursuant to a collective-bargaining agreement between UPS and plaintiffs' union. Plaintiffs were unsuccessful in their grievance at the local level, the state level, and finally at the UPS Joint Area Committee in Chicago.

Plaintiffs then brought this action for defamation, invasion of privacy, and intentional infliction of emotional distress. Defendants brought motions

for summary judgment pursuant to GCR 1963, 117.2(3), arguing that plaintiffs were bound by the final and contractually binding factual determination of the grievance process that the allegations of theft were true, thus providing a complete defense to the defamation and intentional infliction of emotional distress claims.

After a series of hearings, culminating on May 7, 1982, all defendants' motions were granted. Defendants UPS and Shevrovich were granted summary judgment because the grievance process comported with "elementary fairness"; therefore, plaintiffs were bound by the factual determinations made by the grievance tribunals. Defendant Mastay was granted summary judgment on the basis of collateral estoppel. Plaintiffs appeal as of right, raising several issues, only one of which merits extended discussion.

Plaintiffs claim, on appeal, that they are not bound by the factual determination of the grievance committees with respect to the alleged theft. We disagree.

Where a collective-bargaining agreement provides a method by which disputes are to be resolved, there is a strong policy in favor of deference to that method of resolution. *Hines v Anchor Motor Freight, Inc,* 424 US 554; 96 S Ct 1048; 47 L Ed 2d 231 (1976). This policy can only be effectuated "if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play". *United Steelworkers of America v American Mfg Co,* 363 US 564, 566; 80 S Ct 1343; 4 L Ed 2d 1403 (1960). Indeed, the United States Supreme Court has held that the decisions of joint management-labor grievance committees, such as was employed in this case, are entitled to the same deference as the

decisions of independent arbitrators. *General Drivers, Warehousemen & Helpers, Local Union No 89 v Riss & Co, Inc,* 372 US 517; 83 S Ct 789; 9 L Ed 2d 918 (1963).

Although the Supreme Court recognized an exception to the rule of finality in the context of a Title VII employment discrimination claim in *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974), it has no application to this case. Here, the finding of the grievance committees that plaintiffs seek to avoid is not one of constitutional magnitude or statutory construction; rather, it is a simple question of fact clearly within the competence of the grievance committees. See, also, *Ivery v United States,* 686 F2d 410 (CA 6, 1982), especially JONES, J., *concurring.*

Plaintiffs' other contentions have been reviewed and are without merit.

Affirmed. No costs.