828 F.2d 19
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George MASTROBUONO, Jr., Plaintiff-Appellant,
v.
LOCAL UNION NO. 673, INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, Defendant-Appellee.
 No. 86-3674
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before MERRITT, Circuit Judge, and GEORGE CLIFTON EDWARDS, Jr. and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, George Mastrobuono, Jr., appeals from the district court's grant of summary judgment to defendant, Local Union No. 673 (Local 673), of the International Brotherhood of Electrical Workers (IBEW), upholding an arbitration award adverse to plaintiff. Mastrobuono brought this action pursuant to section 301 of the Labor-Management Relations Act of 1947 (LMRA), 29 U.S.C. Sec. 185, alleging, inter alia, that the arbitration decision was invalid. For the reasons which follow, we affirm the district court's judgment.
 
 I.
 
 2
 George Mastrobuono, Jr., was a member of Local Union No. 38 (Local 38) of the IBEW, and was qualifed and registered as a Book II electrician with the added subspecialty of welder. In September 1983, Mastrobuono also registered for work with defendant, sister union Local 673. He kept his registration current with Local 673 through January 1984.
 
 
 3
 At the relevent times in question, Local 673 had a collective bargaining agreement (hereinafter referred to as the Agreement) with the Greater Cleveland Chapter of the National Electrical Contractors Association (NECA), which covered all electricians employed within Local 673's jurisdiction and established a job referral procedure for those employees. The Agreement created four job categories for employees and stipulated that job referrals were to be made in accordance with these job classifications. For each position available, Local 673 had to first refer qualified applicants registered in Book I, and it further provided that the names listed in Book I had to be exhausted before any Book II employees could be referred for a job. Similarly, the list of all available workers registered in Book II had to be exhausted before Book III workers could be referred, and so on.
 
 
 4
 On December 9, 1983, Local 673's business office contacted plaintiff about a job with A. J. Goulder Electric for an electrician certified as a welder. Plaintiff's daughter took the call. Mastrobuono claims that when he called back about the referral, a Local 673 secretary told him that the job was for a pipe-welder. Since he was not qualified in that specialty, plaintiff claims that he turned down the job referral. Local 673 has no record of this return call.
 
 
 5
 On February 9, 1984, plaintiff wrote a letter to B. G. Williamson, vice-president of the International IBEW, attempting to file charges against Aloysius T. Eland, the business manager of Local 673. Plaintiff alleged that Eland had improperly administered Local 673's referral list in a discriminatory manner to plaintiff's detriment in order to preserve job opportunities for Local 673 members. Specifically, plaintiff contended that Book III and Book IV registrants had been referred to jobs ahead of plaintiff, a registered Book II worker. In response, Williamson advised plaintiff that since he alleged a violation of the Agreement's referral procedure, he must request an Appeals Committee, which plaintiff did shortly thereafter.
 
 
 6
 Pursuant to section 4.15 of the collective bargaining agreement, an Appeals Committee was subsequently appointed, consisting of one member appointed by Local 673, Local 673 president R. Giangiacomo; one member appointed by NECA, R. Newcomer; and a third member selected by the other two members, a high school principal, E. Zimmerman. The Committee, pursuant to section 4.16 of the Agreement, had the authority to hear any complaints relative to Local 673's administration of the job referral procedures, and also had the express authority to issue a final and binding decision on any complaint.[1]
 
 
 7
 A hearing was conducted before the Appeals Committee on April 30, 1984. Plaintiff and Eland both testified. The Committee minutes of this meeting reflect that the Committee 'discussed the case at length' after plaintiff and Eland were dismissed. The minutes state that '[a]pparently there was some communication problem on both sides and the committee is not able to assess the cause of the breakdown. Both parties share the responsibility for this lapse.' After further discussion and review of the entire case, the Committee denied plaintiff's appeal 'because the local union did not discriminate against Mastrobuomo [sic] and the local union did not exercise any willful intent to do harm to Mr. Mastrobuoma [sic] . . .. The communication problem was evident but both parties are at fault.' (Emphasis added). In a letter addressed to plaintiff dated May 3, 1984, the Committee reiterated these reasons for denying his appeal.
 
 
 8
 Thereafter, plaintiff retained an attorney who wrote a letter to Williamson, the International IBEW vice-president, on June 6, 1984, requesting an investigation of the Committee's decision. Williamson's reply letter advised plaintiff that the Appeals Committee had the power to make final and binding decisions on complaints related to the referral procedure, and that no appeals process was available to him under the IBEW Constitution.
 
 
 9
 Once notified that he had exhausted his administrative remedies, plaintiff filed a complaint in the United States District Court for the Northern District of Ohio, naming Local 673 and NECA as defendants. Plaintiff's complaint alleged that in or about December 1983, Local 673 had violated the collective bargaining agreement between Local 673 and NECA by administering the Agreement's job referral procedure in a discriminatory manner in order to preserve job opportunities for Local 673 members. The complaint further alleged that NECA had conspired with Local 673 to preserve jobs for Local 673 members by virtue of the adverse joint labor-management arbitration decision. Upon NECA's motion, the district court dismissed NECA as a party on the ground that it was shielded from liability under the doctrine of arbitral immunity.[2] Local 673 also filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Local 673 argued specifically that the Garmon[3] preemption doctrine was applicable to the case at bar, giving exclusive jurisdiction to the National Labor Relations Board. The district court rejected this argument, finding that it had concurrent jurisdiction over the claim pursuant to section 301 of the LMRA.[4]
 
 
 10
 Following discovery, Local 673 filed a motion for summary judgment on January 17, 1986. Local 673 asserted that it had not violated its duty of fair representation by convening a joint-management arbitration panel upon plaintiff's request and that its actions did not affect the integrity at the arbitral process. Local 673 maintained that the Appeals Committee constituted a proper impartial arbitral panel whose decision was final and binding on the parties. In addition, the Union asserted that plaintiff failed to state a claim because there had been no showing that plaintiff had been discriminated against in favor of Local 673's union members.
 
 
 11
 In plaintiff's response to this motion, he asserted that Local 673 had arbitrarily denied him job referrals in reckless disregard for his contract rights, suggesting that such conduct constituted a violation of the Union's duty of fair representation. He also asserted that the Appeals Committee's decision was not rationally related to the contract and was therefore not entitled to deference. Moreover, he asserted that the Appeals Committee's failure to recognize such a clear contract violation suggested that the Committee was not a proper arbitral body, and that the Committee's failure to address each of the five improper job referrals raised a genuine issue of fact as to whether Local 673 had violated the Agreement.
 
 
 12
 On June 6, 1986, the district court granted summary judgment in favor of Local 673. The district court reasoned that the determination of whether Local 673 had properly followed the contractual job referral procedures was a question of fact which should be determined by the arbitrator. Since the court found that the Appeals Committee was a proper arbitral body and that it had acted within its scope of authority, the court held that the Committee's findings of fact and conclusions of law were final and binding on the parties.
 
 
 13
 Mastrobuono thereafter filed this timely appeal.
 
 II.
 
 14
 On appeal, Mastrobuono argues that in granting summary judgment for defendant, the district court improperly deferred to the arbitration decision. First, Mastrobuono asserts that the Appeals Committee's decision is inconsistent with the plain terms of the collective bargaining agreement. Since the Agreement required Local 673 to refer Book II registrants before Book III or Book IV registrants, and since Local 673 clearly referred several registrants out of sequence to his detriment, Mastrobuono concludes that the Appeals Committee's adverse determination disregards the plain provisions of the contract. Moreover, the fact that the Committee did not address each of the five challenged referrals raises a question of fact as to whether Local 673 violated the Agreement based on those claims. Second, plaintiff asserts that the Committee's make-up dictates against judicial deference to its decision, suggesting that the Committee was not impartial and did not adequately consider his complaint.[5] We are unpersuaded by his arguments.
 
 
 15
 As the district court noted, it is clear from section 4.16 of the collective bargaining agreement, see supra note 1, that the parties agreed to submit all grievances concerning Local 673's administration of the referral procedures to a joint labor-management Appeals Committee, as was done in this case. Mastrobuono admits that the general rule requires federal courts to pay substantial deference to arbitration decisions, including decisions of joint labor-management committees. See, e.g., Humphrey v. Moore, 375 U.S. 335 (1964); General Drivers, Local Union No. 89 v. Riss & Co., 372 U.S. 517 (1963); Teamsters Local Union No. 30 v. Helms Express, Inc., 591 F.2d 211 (3d Cir.), cert. denied, 444 U.S. 837 (1979). However, he claims that such deference should not be paid in this case, although he has failed to allege or show fraud, bad faith, bias or collusion on the part of the Appeals Committee. Rather, he merely makes vague allegations that the Appeals Committee must have been impartial since it issued a 'bad' decision. Such allegations are clearly inadequate to question the integrity of the arbitral panel. Cf. Morris v. Werner-Continental, Inc., 466 F.2d 1185, 1190-91 (6th Cir. 1972) ('[S]o long as there is an absence of fraud or bad faith or demonstrated bias or collusion, the decision by the arbitrators or, here, the Joint Committee, is final and binding and courts are generally powerless to interfere.'), cert. denied, 411 U.S. 965 (1973).[6] Accordingly, we agree with the district court that the Appeals Committee constituted a proper arbitral body.
 
 
 16
 In order to set aside an arbitration decision such as the one in the instant case--where the parties agreed to arbitration and the plaintiff had a full opportunity to present his claim--it must be determined that the arbitration decision does not draw its essence from the collective bargaining agreement. United Steelworkers of Am. v. American Mfg. Co., 363 U.S. 564 (1960); United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960); American Fed'n of Television & Radio Artists v. Storer Broadcasting Co., 745 F.2d 392, 398 (6th Cir. 1984); Timken Co. v. United Steelworkers of Am., 492 F.2d 1178 (6th Cir. 1974).
 
 
 17
 In the instant case, the issue presented to the Appeals Committee was whether Local 673 violated the collective bargaining agreement by failing to refer Mastrobuono to jobs, thereby discriminating against him in favor of members of Local 673.[7] The Committee found that although plaintiff should have been referred ahead of Book III and Book IV registrants, this failure to refer was not discriminatory and was not a willful act. Furthermore, the Committee found that the failure to refer was the result of a communication problem for which plaintiff shared equal blame. Therefore, the Committee concluded that Local 673 had not violated the terms of the Agreement.
 
 
 18
 The Committee's failure to address each of the five Book III and Book IV referrals does not raise a material issue of fact and does not undermine the Committee's ultimate finding of no discrimination. Even if the Committee had analyzed each individual referral, it is evident that plaintiff's initial claim would fail since none of the employees referred ahead of Mastrobuono were Local 673 members. It was reasonable for the Committee to conclude that the mere failure to refer a Book II registrant before a Book III registrant does not violate the collective bargaining agreement; rather, there must be a showing of discrimination in favor of Local 673 members. In addition, it is reasonable to not have afforded relief to Mastrobuono when the Committee found that he was equally bo blame for the communication problem. These issues before the Committee were factual in nature, and the Committee's findings are not clearly erroneous. Further, the Committee's interpretation of the Agreement--for which the parties had bargained for--is consistent with the terms of the Agreement and therefore draws its essence from the Agreement.
 
 
 19
 Since plaintiff has failed to raise a material issue of fact in dispute, we AFFIRM the district court's grant of summary judgment upholding the arbitration decision.
 
 
 
 [1]
 Section 4.16 provides:
 It shall be the function of the Appeals Committee to consider any complaint of any employee or applicant for employment arising out of the administration by the Local Union of Section 4.04 through 4.15 of this Agreement. The Appeals Committee shall have the power to make a final and binding decision on any such complaint which shall be complied with by the Local Union. The Appeals Committee is authorized to issue procedural rules for the conduct of its business, but it is not authorized to add to, subtract from, or modify any of the provisions of this Agreement and its decision shall be in accord with this Agreement.
 Sections 4.04 through 4.15 are the provisions of the Agreement which establish the job referral procedures.
 
 
 [2]
 The propriety of this dismissal is not before this court on appeal
 
 
 [3]
 San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1959)
 
 
 [4]
 Local 673 had contended that the issue in this case essentially could be framed as a complaint describing discriminatory hiring hall practices. The district court, however, agreed with plaintiff that the allegedly improper hiring hall practices could constitute a violation of the collective bargaining agreement, and that the complaint satisfied the four requirements for a section 301 suit. The propriety of the court's ruling on this issue also is not before us on appeal
 
 
 [5]
 Mastrobuono makes no mention of his duty of fair representation claim, and accordingly we do not address this issue on appeal
 
 
 [6]
 Furthermore, plaintiff's argument is clearly circular: The Committee's decision is invalid because the Committee is impartial and the Committee is impartial because the decision is 'bad.' Such reasoning fails to support either that the Committee was impartial or that the decision is invalid
 
 
 [7]
 Specifically, plaintiff had asserted that Local 673 had violated section 4.04 of the collective bargaining agreement which provides in pertinent part that '[t]he Union shall select and refer applicants for employment without discrimination against such applicants by reason of membership or non-membership in the Union . . ..' This is also the provision relied on by plaintiff in his complaint to support his claim that 'Local No. 673 failed and refused to refer plaintiff as alleged herein in order to preserve and provide opportunities for members of Local Union No. 673.'