Sharon L. SAUNDERS, Plaintiff,

v.

INTERNATIONAL LONGSHORE-MEN'S ASSOCIATION, AFL–CIO, and ILA Local 1970, Defendants.[1]

No. CIV.A. 2:02cv795.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 5, 2003.

Charles E. Malone, Norfolk, VA, Crystal A.G. Fisher, Nathaniel David Johnson, Waldorf, MD, for Plaintiff.

Deborah C. Waters, Rutter, Walsh, Mills & Rutter, LLP, Norfolk, VA, for International Longshoremen Assn.

Charles S. Montagna, Montagne, Breit, Klein, Camden, L.L.P., Norfolk, VA, for ILA Local.

1. Defendant International Longshoremen's Association was dismissed with prejudice by order of the court on February 24, 2003.

## OPINION AND FINAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is currently before the court on defendant ILA Local 1970's motion to dismiss and for summary judgment, pursuant to Federal Rules of Procedure 12 and 56. For the reasons stated below, the motion is **GRANTED.**

## I. FACTUAL AND PROCEDURAL HISTORY [2]

Sharon Saunders ("Saunders") filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, alleging that defendant International Longshoremen's Association and ILA Local 1970 discriminated against her on the basis of her sex.[3] Plaintiff's complaint concerns an incident in which a male union member with less seniority received a work assignment for which she was eligible. Plaintiff also alleges that she has been subjected to a hostile working environment.

The International Longshoremen's Association, AFL–CIO, is an international labor organization that negotiates and collectively bargains with employers on behalf of all longshoremen and other waterfront employees engaged in the loading and unloading of ocean-borne cargo. ILA Local 1970 ("ILA Local") is the certified local bargaining representative for plaintiff and others who engage in container maintenance and refrigeration repair in thirty-six East Coast ports, including the Port of Hampton Roads. ILA Local 1970, other ILA Locals, and the employers of the Hampton Roads Shipping Association are parties to a collective bargaining agreement, Hampton Roads Container Maintenance Repair Agreement ("CBA"), dated October 3, 1996–September 30, 2001.[4]

Section 29 of the Local Agreement, titled "Unlawful Discrimination and Harassment" provides that

any and all disputes, claims, charges or complaints arising under this Section, *including those claiming violation of Title VII of the Civil Rights Act of 1964,* [and] the Americans with Disabilities Act ... shall be brought before the Contract Board, in accordance with the provisions set forth in this Contract. Decisions rendered in accordance with the Contract Board provisions of this Contract, by the Contract Board, or, if necessary, by an arbitrator, with respect to such disputes, claims, charges, or complaints shall be final and binding upon the parties and the affected employees. The parties and affected employees *waive any rights they may otherwise have to pursue such disputes, claims, charges, or complaints in any judicial forum.*

---

**2.** The court relies upon defendant ILA Local 1970's submitted statements of undisputed facts. Plaintiff did not dispute any of the facts as required by Local Rule 56(b). The facts as stated by the defendant are therefore admitted. *See* Local Rule 56(b), United States District Court, Eastern District of Virginia.

**3.** Title VII prohibits discriminatory employment practices by "labor organizations." 42 U.S.C. § 2000e–2(c) and (c). Subsection 2000e(d) defines a labor organization as any organization "in which employees participate and which exists for the purposes, in whole or

in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment." 42 U.S.C. § 2000e(d).

**4.** The CBA, in its entirety, is attached to defendant ILA Local's motion to dismiss and for summary judgment, as Exhibit C. The CBA contains both a Master Agreement for Master Contract issues and a Local Agreement for Local Contract issues. The issues relevant in this case are covered by the Local Agreement.

(ILA Local's Mot. to Dismiss and for Summ. J., Ex. C., Local Agreement, § 29, at 88 (emphasis added)).

The Contract Board is comprised of an equal number of labor and management representatives. (*Id.* § 8, at 48–49.) It is vested with the power to administer and interpret provisions of the CBA and to resolve disputes between management and labor. Decisions made by the Contract Board are final and binding on all parties. (*Id.* at 52.) If the Contract Board cannot resolve an issue by majority vote, the matter is referred to arbitration, pursuant to Section 7 of the CBA. (*Id.*)

ILA Local operates a call board system which matches employees seeking work with one of the employers in the industry. A union member looking for prospective employment registers with the call board. When an employer calls seeking to fill a position, the dispatcher provides the name of the most senior person registered. If there is more than one person in a seniority group, the employer chooses whomever it wishes. Saunders alleges that Mike Gallop, a union member with less seniority, was dispatched to perform a job for which she had registered. She immediately telephoned Melvin P. Sidwell, president of ILA Local, to complain that Gallop had been given priority over her. On more than one occasion, plaintiff was advised of her right to file a grievance with the Contract Board, pursuant to the terms of the CBA Local Agreement, but declined to do so.

Saunders instead chose to proceed under the provisions of the International Longshoremen's Association Constitution. In April of 2001, she requested that a committee be established by ILA Local to determine whether she was unfairly passed over for a job. When the committee found no evidence of discrimination, Saunders appealed this decision to the Hampton Roads District Council, which ruled that the issue of Saunders' seniority rights was a local employment matter which should be heard by the Contract Board, pursuant to the provisions of the CBA. Again, ILA Local offered to assist Saunders in filing a grievance with the Contract Board. Saunders again refused to file such a grievance. Rather, she filed her complaint in this court, alleging violations of Title VII. On April 4, 2003, ILA Local filed the current motion arguing that plaintiff is precluded from pursuing her claims in federal court by virtue of the mandatory dispute resolution procedures in the CBA.

## II. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Terry's Floor Fashions v. Burlington Indus.,* 763 F.2d 604, 610 (4th Cir.1985). Once a party has properly filed evidence supporting the summary judgment motion, the nonmoving party may not rest upon mere allegations in the pleadings, but must set forth specific facts through affidavits, depositions, interrogatories, or other evidence illustrating genuine issues for trial. *See* Fed. R.Civ.P. 56(c); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. 2548. Although the court must draw all justifiable inferences in favor of the nonmoving party, "[t]he nonmoving party ... cannot create a genuine issue of material fact through mere speculation or

the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). Furthermore, the existence of a scintilla of evidence in support of the nonmoving party's position is insufficient. Rather, the evidence must be such that the fact-finder reasonably could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The defendant, however, still bears the burden of demonstrating that the uncontroverted facts entitle it to judgment as a matter of law. *Custer v. Pan American Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir.1993) (holding that moving party must prove it is entitled to judgment as a matter of law, even if the motion is unopposed).

### III. ANALYSIS

ILA Local argues that Saunders is precluded from bringing suit in this court because the mandatory dispute resolution provisions in the CBA require Saunders to submit her Title VII claims to the Contract Board and accept the Board's decision as final and binding. ILA Local contends that such an agreement to pursue claims in a specified non-judicial forum is valid and enforceable. This court agrees.

■ The Fourth Circuit clearly recognizes that a collective bargaining agreement can validly waive an employee's statutory right to a federal forum in favor of arbitration. *Safrit v. Cone Mills,* 248 F.3d 306, 307–08 (4th Cir.2001). To be enforceable, a waiver of the right to pursue a statutory claim in a federal form must be in "clear and unmistakable" language. *Wright v. Universal Maritime Serv. Corp.,* 525 U.S. 70, 80, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998). In applying *Universal Maritime,* the Fourth Circuit has concluded that a collective bargaining agreement contains "the requisite degree of clarity ... by two different approaches." *Carson v.*

*Giant Food, Inc.,* 175 F.3d 325, 331 (4th Cir.1999). The first approach simply involves drafting "a clear and unmistakable provision under which the employees agree to submit to arbitration all federal causes of action arising out of their employment." *Id.* The second approach applies "when the arbitration clause is not so clear." For instance, general arbitration clauses such as those referring to "all disputes" or "all disputes concerning the interpretation of the agreement" do not alone meet the specificity requirements of *Universal Maritime.* This approach requires additional explicit supporting provisions. *Id.* at 332. In the case at bar, the court need only consider the first approach.

■ Local Agreement Section 29 of the CBA contains an explicit waiver of the right to pursue Title VII claims in a federal forum. Indeed it is hard to imagine a more absolute waiver. The parties agree that all alleged violations of Title VII "shall be brought before the Contract Board" whose decision is final and binding. Further, the parties "waive any rights they may otherwise have to pursue such disputes ... in any judicial forum." This language constitutes a clear and unmistakable provision in which the parties agree to submit all employment claims to the dispute resolution process. The court will not override such an agreement, which represents the "natural tradeoff" that unions and their members must make in exchange for other benefits under a collective bargaining agreement. *Safrit,* 248 F.3d at 308.

■ Further, it is immaterial that the parties have chosen a Contract Board, instead of an arbitrator, to resolve employment disputes. Joint labor-management dispute resolution panels have the same status as arbitrators when designated by the parties as the instrument for definitive settlement of disputes. *See, e.g., Interna-*

*tional Longshoremen's Ass'n v. Hellenic Lines, Ltd.,* 549 F.Supp. 435, 437–38 (S.D.N.Y.1982); *see also General Drivers, Warehousemen & Helpers, et al. v. Riss & Co.,* 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963) (holding that joint labor-management committee is equivalent to arbitration when it is the parties' choice for binding settlement of grievances).

Plaintiff did not pursue her discrimination claim before the Contract Board, but instead chose to convene a committee pursuant to the ILA Constitution. The CBA clearly and unmistakably requires the Contract Board or an arbitrator to resolve any claimed violation of Title VII. It also clearly and unmistakably waives an employee's right to bring Title VII claims in any judicial forum. The court will not allow the plaintiff to simply ignore the bargained-for dispute resolution mechanism because it is not her preferred method of pursuing her claims. The CBA reflects the parties' intentions to be bound by this grievance procedure. The court will uphold that decision.[5]

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** defendant's motion for summary judgment. Plaintiff's case is hereby **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment for defendant ILA Local and to send a copy of the Opinion and Final Order to counsel of record for all parties.

**IT IS SO ORDERED.**

---

5. Because the court has found that plaintiff is barred from submitting her Title VII claims to a federal forum, it does not reach defendant's argument for dismissal of plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6).