711 F.2d 1059
 113 L.R.R.M. (BNA) 2951, 97 Lab.Cas. P 10,213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Sears et al., Plaintiffs-Appellants
v.
Automobile Carriers, Inc., a Michigan Corporation et al.,
Defendants-Appellees.
 No. 82-1075.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1983.
 
 1
 Before ENGEL and CONTIE, Circuit Judges, and ALDRICH, District Judge.*
 
 PER CURIAM
 
 2
 The plaintiffs, former employees of defendants Automobile Carriers Inc., Boutell Driveaway Co. and Complete Auto Transit (the employers), appeal from two district court orders granting summary judgment to the employers, Local Union No. 332 and the International Brotherhood of Teamsters.
 
 
 3
 The employers and the Local were engaged in contract negotiations in the spring of 1976. The existing collective bargaining agreement, which was scheduled to expire on May 31, 1976 and which contained a valid "no-strike" clause, was extended until a new agreement could be ratified. A tentative agreement was reached on May 21, 1976.
 
 
 4
 The plaintiffs, all members of the Local, expressed their displeasure with the tentative agreement by engaging in wildcat strikes against the advice of the union between June 1 and June 21, 1976. On June 16, it was announced that the union members had disapproved the tentative agreement.
 
 
 5
 On June 25 and 26, the employers discharged the plaintiffs for having participated in the unauthorized strikes. The plaaintiffs filed grievances and the Local represented them throughout the ensuring procedures. A joint arbitration panel eventually upheld the terminations.
 
 
 6
 The plaintiffs then filed a complaint against the employers, the Local and the International. They alleged that: 1) the union had breached its duty of fair representation, in violation of 29 U.S.C. § 185, while negotiating the tentative agreement; 2) the union had violated 29 U.S.C. § 411(a) by not distributing ballots to all Local members during voting on the tentative agreement; 3) the union had breached its duty of fair representation while processing the plaintiffs' grievances; 4) the employers breached the collective bargaining agreement by discharging the plaintiffs and 5) the union and the employers conspired to blacklist the plaintiffs.
 
 
 7
 On May 25, 1977 the district court granted the defendants' motion to dismiss the blacklisting claim because that allegation was within the exclusive jurisdiction of the National Labor Relations Board (NLRB). On November 23, 1981, the court granted the defendants' motions for summary judgment on the remaining issues. We affirm.
 
 
 8
 The plaintiffs initially contend that the union breached its duty of fair representation during the course of the negotiations by not presenting proposals submitted by the plaintiffs and by removing Local representative Ashby from the negotiating committee. Plaintiffs' theory apparently is that the union's breach caused them to strike, which in turn resulted in the discharges.
 
 
 9
 Though a union's duty of fair representation extends to the negotiation of contracts, see, e.g., Trail v. International Brotherhood of Teamsters, 542 F.2d 961, 968 (6th Cir.1976), the plaintiffs seek relief not from the results of the negotiations but from their discharges. We hold that the district court correctly ruled that where an action is brought to challenge an employer's discharge of workers who have engaged in strikes prohibited by a valid no-strike clause, the underlying dispute between the union and the employees is irrelevant. See Schramm v. Complete Auto Transit, 101 LRRM 2178 (E.D.Mich.1979); Ferdnance v. Automobile Transport, Inc., 460 F.Supp. 1206 (E.D.Mich.1978).
 
 
 10
 Secondly, the plaintffs claim that the union violated the Labor-Management Reporting and Disclosure Act by not supplying ballots to all elgible employees during the ratification vote on the tentative agreement. The district court properly held this question moot. Since the plaintiffs desired the tentative agreement to be voted down and since it in fact failed, the plaintiffs suffered no injury even if it were assumed that the union transgressed the Act.
 
 
 11
 Third, the plaintiffs argue that the union breached its duty of fair respresentation by failing to assert a contractual defense during grievance proceedings on the terminations. According to Article Forty of the collective bargaining agreement, an employer must give to an employee one written warning notice before executing the discharge. Though no such warnings were afforded in this case, the union never raised the issue.
 
 
 12
 The duty of fair representation extends to the representation of union employees in grievance proceedings. Hines v. Anchor Motor Freight, Inc., [78 LC p 11,284] 424 U.S. 554 (1976). This duty is breached if the union's representation is arbitrary, discriminatory or in bad faith. Vaca v. Sipes, 386 U.S. 171 (1967). Mere negligence or errors in judgment are insufficient, however, to prove a breach. Hines, 424 U.S. at 570-71; Ruzicka v. General Motors Corp., 649 F.2d 1207, 1212 (6th Cir.1981).
 
 
 13
 We agree with the district court that the plaintiffs have neither alleged discriminatory conduct nor raised a genuine issue of material fact concerning bad faith. Though the plaintiffs may suspect that the union was improperly motivated not to press the Article Forty defense, they have not alleged any concrete actions from which bad faith may be inferred.
 
 
 14
 Nor did the union act arbitrarily or perfunctorily. Industry practice had established that Article Forty warnings were not required in the context of wildcat strikes. This court has held that a union's reliance on past industry practice is an explanation sufficient to a void liability. Ruzicka, 649 F.2d at 1211.
 
 
 15
 Since the union violated no branch of the Vaca v. Sipes test, it did not breach its duty of fair representation during the grievance proceedings. Furthermore, in light of the fact that the unfair representation claim has not succeeded, the employers can not be held liable. Hines, 424 U.S. at 570-71.
 
 
 16
 Lastly, the plaintiffs claim that the union and the employers conspired to blacklist them in violation of section 8(a) and (b) of the National Labor Relations Act. We hold that the district court properly dismissed this claim as being one over which the NLRB has exclusive jurisdiction. San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959).
 
 
 17
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation