Daniel McCAUSLIN, Plaintiff/Appellant,

v.

FMC CORPORATION,
Defendant/Appellee.

No. 83–1557.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 28, 1983.*

Decided March 23, 1984.

Dan Siegel, Siegel, Friedman & Dickstein, Oakland, Cal., for plaintiff-appellant.

Suden & Silver, Lawrence A. Haun, San Jose, Cal., for defendant-appellee.

Before TANG, FERGUSON and BOOCHEVER, Circuit Judges.

TANG, Circuit Judge.

McCauslin appeals from the district court's dismissal for lack of subject matter jurisdiction under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

■ To establish district court jurisdiction pursuant to section 301 of the LMRA, a plaintiff must allege only that a contract between an employer and a union has been breached. *Painting and Decorating Contractors Association of Sacramento, Inc. v. Painters and Decorators Joint Committee of the East Bay Counties, Inc.,* 707 F.2d 1067, 1070–71 (9th Cir.1983); *Alvares v. Erickson,* 514 F.2d 156, 161 (9th Cir.), *cert. denied,* 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975).

■ FMC Corporation employed McCauslin as a welder. On January 4, 1980, McCauslin was laid off and declared to be ineligible for rehire. FMC alleges that it classified McCauslin as ineligible for rehire because of excessive unexcused absences. McCauslin, however, contends that FMC's allegations is merely a pretext: he claims that FMC classified him ineligible for rehire because of his union activities. Moreover, McCauslin contends that many of his alleged unexcused absences should have been classified as excused because they were for union activities.

On September 11, 1981, McCauslin brought this action under section 301 of the

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Cir.R. 3(a) and Fed.R.App.P. 34(b).

Labor Management Relations Act (LMRA). FMC moved for summary judgment or for dismissal for lack of jurisdiction. The district court found that McCauslin had not alleged a breach of the collective bargaining agreement and that it therefore lacked jurisdiction.

In this case, the parties do not dispute the existence of a contract, the collective bargaining agreement; the dispute is focused on whether McCauslin alleged a breach of that agreement.

The collective bargaining agreement provides that no employee shall be "discriminated against" for union activities. McCauslin alleges that he had a contractual right not to be discriminated against because of union activities, that FMC discriminated against him by declaring him ineligible for rehire because of his union activities, and that FMC's declaration has damaged him by preventing him from getting rehired.

It is apparent McCauslin has alleged a breach of a provision in the collective bargaining agreement, albeit a broadly worded provision.

The district court therefore erred when it granted FMC's motion to dismiss for lack of subject matter jurisdiction.

REVERSED and REMANDED.