Paul S. **KEMNER**, Plaintiff-Appellant,

v.

**DISTRICT COUNCIL OF PAINTING AND ALLIED TRADES NO. 36, Los Angeles Area Painters and Decorators Local Joint Committee, Inc., Los Angeles County Painters and Decorators Joint Committee, Inc., Defendants-Appellees.**

No. 84–5963.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 1985.

Decided Aug. 15, 1985.

Ralph E. Wiggen, Los Angeles, Cal., for plaintiff-appellant.

Jeffrey L. Cutler, Davis, Frommer & Jesinger, Los Angeles, Cal., for defendants-appellees.

Before HUG and BOOCHEVER, Circuit

Judges, and AGUILAR\*, District Judge.

AGUILAR, District Judge:

Plaintiff Kemner, a painting contractor, sued under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and section 10 of the Arbitration Act (USAA), 9 U.S.C. § 10, to vacate one arbitration award and confirm two others. Defendants, a labor union and two arbitration committees, moved to dismiss the complaint for want of subject matter jurisdiction and failure to state a claim for which relief could be granted. Defendants asserted in the alternative that the arbitrators were immune from suit. The district court granted the motion to dismiss without explanation or discussion. We reverse, and confirm the first arbitration decision.

## FACTS

The essential factual allegations of the complaint are undisputed. Plaintiff is a party to a collective bargaining agreement (Joint Committee Agreement or JCA) with the District Council of Painting and Allied Trades No. 36 (Union). The JCA creates two entities charged with administering the JCA and resolving disputes arising under the agreement: the Los Angeles Area Painters and Decorators Joint Committee (Local Committee) and the Los Angeles County Painters and Decorators Joint Committee (County Committee). The County Committee hears appeals from the Local Committee. There is equal representation by Union and employer members on each of these committees. Decisions are made by majority vote.

The JCA provides for dispute resolution in the following manner. Article 17, section 3 of the JCA states:

> All decisions of the Los Angeles Area Local Joint Committee shall be final and binding upon all parties unless an appeal

is submitted in writing within seven (7) days to the County Joint Committee.

Section 4(A) of the JCA provides:

> Any decision or tie vote of the Los Angeles Area Local Joint Committee may be appealed to the County Joint Committee within seven (7) days after notice thereof.

Section 4(B) of the JCA provides:

> The County Joint Committee shall proceed to a hearing on appeal without undue delay and shall render a decision thereon within seven (7) days after said hearing. Such decision shall be final and binding upon all parties.

Finally, if the County Committee is deadlocked, section 6 provides that a special arbitration board be established to hear the dispute.

As a result of an audit, a Union official filed a charge that Kemner had violated the JCA by failing to pay trust fund contributions, liquidated damages, and an audit fee totalling $17,389.93. Kemner was instructed to appear before the Local Committee with all witnesses and records. At the September 7, 1983 hearing, Kemner objected to the proceedings, pleaded "not guilty", and presented evidence that the audit improperly included bonus payments, employees, and independent contractors that were not covered by the JCA.

The Local Committee deadlocked 3 to 3 over Kemner's liability. Neither the Union nor Kemner filed a written appeal of this decision pursuant to Article 17, section 4(A) of the JCA. Rather, the Local Committee *sua sponte* "referred" the matter to the County Committee. Without notice to Kemner, the County Committee met and received "new evidence," and then voted to refer the matter back to the Local Committee.

At the Local Committee rehearing of October 5, 1983, plaintiff again objected to the proceedings and presented his evidence. According to the minutes of the meeting, "[a]fter considerable discussion the Com-

---

\* The Honorable Robert P. Aguilar, United States District Judge for the Northern District of California, sitting by designation.

mittee was still unable to arrive at a definitive conclusion." The Local Committee *sua sponte* "referred" the matter to the Trustees of the Los Angeles County Painting Industry Trust. The Trustees referred the matter back to the Local Committee, which scheduled yet another hearing.

At the second Local Committee rehearing on December 7, 1983, from which Kemner was excluded, the Committee again was deadlocked 3 to 3. Again, neither party appealed, but the Local Committee *sua sponte* sent a "notice of appeal" to the County Committee.

Kemner repeatedly objected to any further proceedings. At the January 18, 1984 "appeal" hearing, the County Committee decided in closed session that Kemner owed at least $8,493.51 for subcontractor contributions. The Committee deadlocked on the bonus issue, which it referred to a special arbitration board. Kemner received notice of his liability on January 24, 1984 by way of a letter signed by the Manager of the County Committee.

Kemner filed this suit to vacate the "award" of the County Committee, and to confirm either or both of the tie votes of the Local Committee as final and binding determinations of his non-liability. Among his contentions is that the two joint committees exceeded the scope of their authority under the arbitration provisions of the JCA.

## DISCUSSION

### 1. *Jurisdiction*

■ A suit to vacate or enforce compliance with an arbitration award can be founded on section 301 of the LMRA.[1] *See United Parcel Service v. Mitchell*, 451 U.S.

56, 61–62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981); *General Drivers, Warehousemen & Helpers, Local No. 89 v. Riss & Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963) (per curiam). To establish jurisdiction under section 301, Kemner must allege that there was a breach of the JCA. *McCauslin v. FMC Corp.*, 728 F.2d 1275, 1275 (9th Cir.1984). He has done so by alleging that the JCA arbitration procedures were violated and that contributions were demanded in violation of the JCA.

■ Defendants contend, however, that the district court lacked jurisdiction because the County Committee had not yet reduced its January 18 decision to a final arbitration award. They correctly note that a court should refrain from reviewing an arbitrator's work until a final and binding award is issued; premature judicial intervention would contravene the fundamental federal labor policy of deferring to contractual dispute resolution procedures. *See United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 566–68, 80 S.Ct. 1343, 1345–46, 4 L.Ed.2d 1403 (1960). Defendants argue that the letter from County Committee Manager Bud Branchfield notifying Kemner of his liability for the $8,493.51 was not intended to be, and was not, a final and binding "award."

■ The language of the JCA does not suggest that an arbitration award must take a particular form. Rather, sections 3 and 4 of Article 17 merely refer to "decisions" of the Local and County Committees, and provide that an appeal may be taken after "notice" of the decision or tie vote. Otherwise such decisions are "final and binding." Defendants have cited no authority for the proposition that an award must be in a particular form [2] or use partic-

---

1. The complaint erroneously lists section 10 of the Arbitration Act as an additional jurisdictional base. Section 1 of the USAA specifically excludes from its coverage "contracts of employment of ... any class of workers engaged in foreign or interstate commerce." We have noted that "this language suggests that Congress did not mean the USAA to be used to review arbitration awards involving collective bargaining agreements." *San Diego County Dist. Council v. Cory*, 685 F.2d 1137, 1141 (9th Cir.1982).

2. Even if this court looked to the USAA for guidance, *see supra* note 1, the pertinent provisions providing for suit in federal court to confirm or vacate an award do not require that an award be in a certain form. *See* 9 U.S.C. §§ 9, 10, 12, 13. Implicit in the USAA is a requirement that the award be reduced to writing: section 12 requires that an action commence within three months after "the award is filed or delivered," and section 13(b) requires that the

ular nomenclature. Logic and precedent suggest that so long as a decision is final and binding under a collective bargaining agreement, a district court can exercise jurisdiction under section 301. *See General Drivers, supra,* 372 U.S. at 519, 83 S.Ct. at 791.

In his letter Branchfield stated that the County Committee was "unanimous" regarding the $8,493.51, he indicated the basis of that decision, and he advised Kemner that the sum was "due and payable within seven (7) days of your receipt of this notice." No further appeal procedure was available under the JCA or mentioned in the letter. It was personally signed by Branchfield, the Manager, on behalf of the Committee. This letter certainly provided clear notice to Kemner of an unambiguous, final and binding decision to be enforced immediately. Judicial review of this decision could not impair the dispute resolution process, as that process had already been exhausted.

Defendants further argue, however, that the district court properly gave weight to a declaration from Branchfield describing the County Committee's practice of reducing its decisions to a particular form of award. Branchfield stated that the letter to Kemner "was intended solely to be a notification of the proceedings and not an arbitration award":

> The County Joint Committee customarily notifies all interested parties of their proceedings. When there is a decision to assess damages the charged party is given an opportunity to voluntarily comply. When monies are not submitted within a reasonable time, I forward the file to our counsel to draft and serve an arbitration award. Once an award is served on the charged party, legal counsel is responsible for taking appropriate action to enforce the award.

This declaration does not support a dismissal. Branchfield's statement is on its face an admission that a formal award is not always issued after arbitration decisions. To suggest that in such cases there has been no "award" simply because the liable party promptly complied with the initial demand of the arbitration committee is to engage in semantic games. In fact, the minutes of the final County Committee meeting labeled the decision an "award." Even more telling is a subsequent letter to Kemner notifying him that his shop card and all working privileges were suspended as a result of his failure to pay the $8,493.51. It is at best inconsistent to argue that there was no award, and yet punish Kemner for failing to pay.

■ We conclude that the complaint sufficiently alleged both that a collective bargaining agreement had been breached and that a final and binding arbitration award had issued. The evidence available to the district court did not provide any basis to dismiss the complaint for want of jurisdiction. Thus the district court erred to the extent that it dismissed the complaint for lack of jurisdiction under section 301. Moreover, after accepting the material allegations of the complaint as true, the action should not have been dismissed for failure to state a claim for which relief could be granted; it was not "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *E.g. Preferred Communications, Inc. v. City of Los Angeles,* 754 F.2d 1396, 1399 (9th Cir.1985).

■ Defendants alternatively argue that to the extent the district court dismissed the complaint on the ground that the arbitration committees were immune from suit, the dismissal should be affirmed. Rather, Kemner has sued only for relief from those acts allegedly taken in excess of the committees' jurisdiction, not for damages against the committees or any individual. Section 301 confers jurisdiction on the courts to determine such issues, *see United Steelworkers of America v. Enterprise*

moving party file with the court a copy of the award. This language, however, cannot be read

to require a particular form of writing.

*Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), and the policy concerns underlying the doctrines of judicial and arbitral immunity from damages actions do not obtain. The district court erred to the extent that it dismissed the case on the ground that defendants were immune from suit.

The district court's dismissal of the complaint must be reversed.

### 2. *The Merits*

 It remains to consider whether this Court should vacate the County Committee award of January 18 and confirm the finality of either or both of the Local Committee tie votes. The legal effect of an unambiguous and undisputed contract provision such as the JCA's arbitration clause is a question of law subject to this Court's *de novo* review. *See Hass v. Darigold Dairy Products*, 751 F.2d 1096, 1098 (9th Cir.1985); *Waggoner v. Northwest Excavating, Inc.*, 642 F.2d 333, 337 (9th Cir.1981), *reaff'd* 685 F.2d 1224 (1982). On its face the JCA is explicit that a tie vote of the Local Committee is final and binding unless it is appealed within seven days. It is undisputed that the parties did not appeal either of the tie votes. There is no provision in the JCA for *sua sponte* "referrals" by the Local Committee to the County Committee, and it is nonsensical to suggest that such an adjudicative body could "appeal" its own decisions. Consequently, we hold as a matter of law that the first tie vote of the Local Committee on September 7, 1983, was final and binding, and absolved Kemner of liability except to the extent he conceded liability. The Local Committee exceeded its authority under the JCA when it "referred" or "appealed" the matter to the County Committee, and the County Committee was without jurisdiction under the JCA to render its award.

In light of this disposition of the case, we do not reach the other substantive law issues raised by appellant.

### 3. *Attorney Fees on Appeal*

 Appellant asks for attorney fees for this appeal. Article 17, section 5 of the JCA provides that the final and binding decisions of the joint committees may be judicially enforced, and that "in any order to enforce such an award, it is agreed that the court shall add the payment of reasonable attorneys' fees, costs of court and interest from the date of the award." As this appeal was undertaken in the course of enforcing an award, namely either or both of the tie votes, appellant is entitled to reasonable attorney fees and costs upon proper application.

The dismissal of the district court is REVERSED. The September 7, 1983 tie vote of the Local Committee is CONFIRMED as a final and binding determination under the JCA of Kemner's non-liability.