47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The BOARD OF TRUSTEES OF THE RETIREMENT FUND TRUST OF THE
PLUMBING, HEATING, AND PIPING INDUSTRY OF SOUTHERN
CALIFORNIA, Plaintiff/Appellee,
v.
WESTERN STATES MECHANICAL, INC., a California corporation,
Defendant/Appellee.
 No. 93-56174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1995.*
Decided Feb. 21, 1995.
 
 1
 Before: BRUNETTI and KOZINSKI, Circuit Judges and SHADUR,*** Senior District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Western States Mechanical, Inc. ("Western") was held responsible to Board of Trustees of the Retirement Fund Trust of the Plumbing, Heating, and Piping Industry of Southern California ("Fund"), following arbitration pursuant to a collective bargaining agreement ("CBA") to which Western was a party, for $123,000 in CBA-prescribed penalties (at the rate of $100 per day) for Western's violation of the CBA's prohibition against subcontracting to evade Western's CBA obligations. Western never paid or moved to vacate the arbitration award ("Award"), and Fund sued and prevailed via summary judgment in the district court.
 
 
 4
 Western's argument challenging the district court's jurisdiction is empty, for it has long been established that Labor-Management Relations Act Sec. 301(a) ( 29 U.S.C. Sec. 185(a)) expressly confers subject matter jurisdiction over actions to confirm labor arbitration awards pursuant to CBAs. Kemner v. District Council of Painting & Allied Trades No. 36, 768 F.2d 1115, 1118 (9th Cir.1985) and cases cited there. That doctrine includes actions by employee benefit funds that are third-party beneficiaries of CBAs. Painting & Decorating Contractors Ass'n of Sacramento, Inc. v. Painters & Decorators Joint Comm. of East Bay Counties, Inc., 707 F.2d 1067, 1071 (9th Cir.1983); Connors v. Link Coal Co., 970 F.2d 902, 906 (D.C.Cir.1992).
 
 
 5
 Western's failure to file a timely motion to vacate the Award bars any substantive defenses (other than its rejected challenge to subject matter jurisdiction), including its claim that the award represents an unenforceable penalty. Sheet Metal Workers Int'l Ass'n, Local Union 150 v. Air Sys. Eng'g, Inc., 831 F.2d 1509, 1510-11 (9th Cir.1987) and cases cited there. In any case, such punitive assessments are enforceable when they are specifically authorized by a CBA and awarded in arbitration. Goss Golden West Sheet Metal, Inc. v. Sheet Metal Workers Int'l Union, Local 104, 933 F.2d 759, 764 (9th Cir.1991).
 
 
 6
 Finally, Western's request for fees is patently without merit. On the contrary, the frivolous nature of its appeal supports Fund's request for a joint and several award of fees and costs on this appeal against Western and its counsel. We grant Fund's request. See Fed.R.App.P. 38; 28 U.S.C. Sec. 1927. The Fund shall file a statement of its fees and costs within 14 days of the filing of this disposition. Western may file any objection within 14 days thereafter.
 
 
 7
 * * *
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3